# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION
# CIVIL ACTION NO. 1:24-cv-754

| | |
|---|---|
| ORRICK R. QUICK, <br><br> Plaintiff, <br><br> v. <br><br> GET AIR HIGH POINT, LLC; GET AIR, LLC; TRAMPOLINE PARKS, LLC; GET AIR MANAGEMENT, INC.; TRAMPOLINE PARK CONSULTING, LLC; VAL R. IVERSON; ALAN McEWAN, JR.; and JACOB S. GOODELL, <br><br> Defendants. | **NOTICE OF REMOVAL** |

**NOW COMES** Defendant Alan McEwan, Jr. ("McEwan"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 *et seq.*, and hereby removes this action from the General Court of Justice, Superior Court Division, in Guilford County.

## THE STATE COURT CASE

1. On June 20, 2024, Plaintiff filed his Complaint in North Carolina State Court in Guilford County, 24 CV 014244-400.[1]

2. On September 4, 2024 this Defendant was served with a copy of the Summons and Complaint through his counsel.

---

[1] Plaintiff's current action is a re-filed action pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure.

1

3. The Complaint appears to allege various theories of negligence against the Defendant business entities and seeks to impose liability for that alleged negligence on other individuals through a "piercing the corporate veil" theory.

4. This Notice of Removal is timely filed, having been filed within thirty (30) days after McEwan's receipt of the Summons and Complaint.

5. 28 U.S.C. § 1446(a) requires McEwan to file copies of all process, pleadings, and orders served upon him. Those documents, with an index, are attached hereto as **Exhibit A**.

6. This case is removed to the United States District Court for the Middle District of North Carolina, Greensboro Division, because the State Court action was brought in Guilford County, North Carolina, which is in the Greensboro Division of the Middle District of North Carolina. See 28 U.S.C. §§ 1441(a) and 1446(a).

## JURISDICTION

7. This Court has original jurisdiction over this matter such that removal is proper. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different States.

8. Because this action involves multiple Limited Liability Companies (LLCs), it is important to note from the outset that, at least for diversity purposes, LLCs are treated fundamentally different than corporations and individuals. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a resident of each state in which

it is incorporated and the state where it has a principal place of business. A corporation's principal place of business is generally understood to be its corporate headquarters, where all of the high-level management decisions are made. See Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010) (defining the principal place of business as the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place to the corporation's 'nerve center'…We believe that the 'nerve center' will typically be found at a corporation's headquarters.").

9. However, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (Apr. 13, 2011). An LLC's state of formation is of no consequence to a determination of citizenship for diversity purposes. See VanDevender v. Blue Ridge of Raleigh, LLC, 2014 U.S. Dist. LEXIS 75486, *3-4 (June 2, 2014) (finding diversity of citizenship in suit between North Carolina resident and North Carolina LLC whose members resided in New York and New Jersey because state of organization is irrelevant to diversity determination.) Thus, in analyzing the citizenship of an LLC for diversity purposes, the Court must look beyond the state of organization and must look at the residence of the members. Additionally, these same rules apply throughout the organizational structure. Therefore if, for instance, "LLC A" is a member of "LLC B," the Court must

3

look to the citizenship of the members of "LLC A".² See e.g., Cartwright v. SSC Yanceyville Operating Co., LLC, 2018 U.S. Dist. LEXIS 213466, *4-5 (M.D.N.C. Dec. 19, 2018).

<u>There is complete diversity of citizenship among
the parties involved in this matter</u>

10. According to the Summons and Complaint, the Plaintiff is a **North Carolina** resident.

11. Defendant McEwan is domiciled in, and is a citizen and resident of, the **State of California**. Defendant McEwan is not a citizen of the State of North Carolina.

12. Defendant Jacob S. Goodell ("Goodell") is domiciled in, and is a citizen and resident of, the **State of Utah**. Defendant Goodell is not a citizen of the State of North Carolina.

13. Defendant Val R. Iverson ("Iverson") is domiciled in, and is a citizen and resident of, the **State of Utah**. Defendant Iverson is not a citizen of the State of North Carolina.

14. Defendant Get Air High Point LLC ("Get Air High Point") is a citizen and resident of the **States of Utah, California, and Nevada**. Get Air High Point's membership is comprised of citizens and residents of the States of Utah, California, and Nevada. No member of Get Air High Point is a citizen and resident of the State

---

² Theoretically, the Court would need to continue this analysis until nothing but corporations or individuals were left because partnerships and other "unincorporated associations" are treated similarly to LLCs. See, Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004).

4

of North Carolina. Therefore, Get Air High Point is not a citizen of the State of North Carolina.

15. Defendant Get Air LLC ("Get Air") is a citizen and resident of the **States of Utah and California**. Get Air's membership is comprised of citizens and residents of the States of Utah and California. No member of Get Air is a citizen and resident of the State of North Carolina.

16. Trampoline Parks LLC ("Trampoline Parks") is a citizen and resident of the **States of Utah and California**. Trampoline Parks' membership is comprised of citizens and residents of the States of Utah and California. No member of Trampoline Parks is a citizen and resident of the State of North Carolina.

17. Defendant Get Air Management, Inc. ("Get Air Management") is a citizen and resident of the **State of Utah**. It is a corporation created and existing under the laws of the State of Utah with a principal place of business in the State of Utah.

18. Trampoline Park Consulting, LLC ("Trampoline Park Consulting") is a citizen and resident of the **States of Utah and California**. Trampoline Park Consulting's membership is comprised of citizens and residents of the States of Utah and California. No member of Trampoline Park Consulting is a citizen and resident of the State of North Carolina.

19. Therefore, complete diversity of the parties exists because this is a civil action between a North Carolina plaintiff and defendants who are not citizens of North Carolina.

## The amount in controversy exceeds $75,000 exclusive of interest and costs

20. North Carolina State Court practice prohibits a Plaintiff in a negligence action from specifying a specific amount sought if that amount is greater than $25,000. In that event, the Plaintiff may only state that he or she seeks damages in excess of $25,000. See N.C. GEN. STAT. § 1A-1, Rule 8(a)(2). "Where a plaintiff's complaint does not allege a specific amount in damages, the defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional amount." Respess v. Crop Prod. Servs., 2016 U.S. Dist. LEXIS 90766, *4 (July 13, 2016) (citing Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013)).

21. Consistent with North Carolina State Court practice, the Plaintiff's Complaint only alleges that he seeks damages in excess of $25,000. However, the Plaintiff's Complaint alleges that he suffered "catastrophic injuries." (Comp. ¶ 43). Plaintiff's Complaint alleges that while jumping at the Defendants' Trampoline Park, he landed on a hard surface, felt a "huge pop though out [his] whole body" and ruptured "both…lower tendons in each leg." (Comp. ¶¶ 49 and 51). The injury was apparently so severe that Plaintiff was rendered unconscious briefly. (Comp. ¶ 50). Afterwards, the Plaintiff's "long and painful" recovery was apparently complicated by several blood clots allegedly caused by the surgeries he had to endure as a result of

6

the events detailed in the Complaint. (Comp. ¶¶ 54-56). Plaintiff alleges that his injuries are permanently disabling and may require further treatment in the future. (Comp. ¶¶ 70-71). In addition to compensatory damages, Plaintiff seeks an award of punitive damages. (Comp. ¶¶ 112-115). The Complaint on its face demonstrates, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

### All Defendants Consent to Removal

22. Under 28 U.S.C. § 1446(b)(2)(A), removal of a civil action under section 1441(a) (such as this one) requires the consent of all defendants who have been properly joined and served.

23. All properly joined and served defendants consent to the removal and will file declarations with the Court to the same effect.

### **CONCLUSION**

24. McEwan removes this case to the United States District Court for the Middle District of North Carolina.

25. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, are attached hereto as **Exhibits B and C** respectively.

This the 10th day of September, 2024.

                                  **BENNETT GUTHRIE PLLC**

                                  /s/ Mitchell H. Blankenship
                                  Mitchell H. Blankenship, N.C.S.B. No. 50583
                                  mblankenship@bennett-guthrie.com

                                  /s/ Joshua H. Bennett
                                  Joshua H. Bennett, N.C.S.B. No. 32576
                                  jbennett@bennett-guthrie.com

                                  1560 Westbrook Plaza Drive
                                  Winston-Salem, North Carolina
                                  (336) 765-3121 (TEL)
                                  (336) 765-8622 (FAX)
                                  *Attorneys for Defendant Alan McEwan, Jr.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served the foregoing NOTICE OF REMOVAL by email and by placing the same in a postage pre-paid envelope in the United States Mail addressed to the following attorneys:

Christopher D. Lane
chrislanelaw@gmail.com
3802-A Clemmons Rd.
Clemmons, NC 27012
*Attorneys for Plaintiffs*

This the 10th day of September, 2024.

**BENNETT GUTHRIE PLLC**

/s/ Mitchell H. Blankenship
Mitchell H. Blankenship, N.C.S.B. No. 50583
mblankenship@bennett-guthrie.com

/s/ Joshua H. Bennett
Joshua H. Bennett, N.C.S.B. No. 32576
jbennett@bennett-guthrie.com

1560 Westbrook Plaza Drive
Winston-Salem, North Carolina
(336) 765-3121 (TEL)
(336) 765-8622 (FAX)
*Attorneys for Defendant Alan McEwan, Jr.*